UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:08-cr- 00268-T-30 MSS
18 U.S.C. § 1014

JOSE I. ROMAN

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A. Introduction

At all times material to this Indictment:

1.  JOSE I. ROMAN was an accountant in private practice in Tampa, Florida. As an accountant, JOSE I. ROMAN provided the following services to his clients: (a) the performing of accounting services; (b) the giving of business advice; (c) the preparation of corporate and individual tax returns; and (d) the referral of clients to financial institutions in order for them to obtain financing through loans and extensions of credit.

2.  JOSE I. ROMAN owned or controlled one or more legal entities through which he conducted business. Two such entities were Roman & Associates Accountants, P.A., and RFTW, Inc. With respect to these entities, JOSE I. ROMAN used them or their assets to invest in the businesses of his clients or to otherwise engage in business or financial affairs with his clients.

#### B. The Charge

3.  On or about April 13, 1999, at Tampa, in the Middle District of Florida,

JOSE I. ROMAN,

defendant herein, for the purpose of influencing the actions of the Bank of Tampa, a

financial institution whose accounts were then insured by the Federal Deposit Insurance Corporation, upon an application, commitment, or loan in the amount of $36,000.00 applied for and received by Audioland, Inc., did knowingly make and cause to be made false statements, in that the defendant stated and represented, and caused to be stated and represented, that:

 (a) in a Statement of Personal Net Worth that the Total Long-Term Assets of Gustavo and Nannette Afont as of January 3, 1999, were $365,400.00;

 (b) in a Statement of Personal Net Worth that the Total Liabilities of Gustavo and Nannette Afont as of January 3, 1999, were $67,150.00;

 (c) in a Statement of Revenues and Expenses for Audioland, Inc., that the Total Revenues of Audioland, Inc., for the year ending December 31, 1998, were $78,500.00;

 (d) a document purporting to be the 1998 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Gustavo Afont and Nannette Villalobos, was an unsigned copy of the authentic said return actually filed with the Internal Revenue Service;

 (e) the Net Profit of Audioland for calendar year 1998 as reflected on line 31 of Schedule C of the purported 1998 U.S. Individual Income Tax Return for Gustavo Afont and Nannette Villalobos was $24,780.00;

 (f) a document purporting to be the 1997 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Gustavo Afont and Nannette Afont, was an unsigned copy of the authentic said return actually filed with the Internal Revenue Service;

 (g) the Net Profit of Audioland for calendar year 1997 as reflected on line 31 of Schedule C of the purported 1997 U.S. Individual Income Tax Return for Gustavo Afont and Nannette Afont was $18,737;

 (h) a document purporting to be the 1996 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Gustavo Afont and Nannette Afont, was an unsigned copy of the authentic said return actually filed with the Internal Revenue Service; and

 (I) the Business Income of Gustavo Afont and Nannette Afont for calendar year 1996 as reflected on line 12 of Form 1040 of their purported 1996 U.S. Individual Income Tax Return was $16,985;

whereas, in truth and fact as the defendant then and there well knew,

(a) the Total Long-Term Assets of Gustavo and Nannette Afont as of January 3, 1999, were substantially less than $365,400.00;

(b) the Total Liabilities of Gustavo and Nannette Afont as of January 3, 1999, were substantially more than $67,150.00;

(c) the Total Revenues of Audioland, Inc., for the year ending December 31, 1998, were substantially less than $78,500.00;

(d) the document purporting to be the 1998 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Gustavo Afont and Nannette Villalobos, was not an unsigned copy of the authentic said return actually filed with the Internal Revenue Service;

(e) the Net Profit of Audioland for calendar year 1998 was substantially less than $24,780.00;

(f) the document purporting to be the 1997 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Gustavo Afont and Nannette Afont, was not an unsigned copy of the authentic said return actually filed with the Internal Revenue Service;

(g) the Net Profit of Audioland for calendar year 1997 was substantially less than $18,737;

(h) a document purporting to be the 1996 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Gustavo Afont and Nannette Afont, was not an unsigned copy of the authentic said return actually filed with the Internal Revenue Service; and

(I) the Business Income of Gustavo Afont and Nannette Afont for calendar year 1996 was substantially less than $16,985;

In violation of Title 18, United States Code, Sections 1014 and 2.

3

## COUNT TWO

1. The Grand Jury realleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

2. On or about May 11, 1999, at Tampa, in the Middle District of Florida,

### JOSE I. ROMAN,

defendant herein, for the purpose of influencing the actions of the Bank of Tampa, a financial institution whose accounts were then insured by the Federal Deposit Insurance Corporation, upon an application, commitment, or loan in the amount of $20,000.00 applied for and received by Directorio Medico.Net, Inc., did knowingly make and cause to be made false statements, in that the defendant stated and represented, and caused to be stated and represented, that:

   (a)   in a Statement of Personal Net Worth that the Total Long-Term Assets of Jose and Elaine Mercado as of April 22, 1999, were $317,000.00;

   (b)   in a Statement of Personal Net Worth that the Total Long-Term Assets of Angel and Gladimar Gonzalez as of April 22, 1999, were $473,120.00;

   (c)   the business address of the borrower Directorio Medico.Net, Inc., was 10365 Lightner Bridge Drive, Tampa, Florida 33626;

   (d)   the address of the guarantor Angel L. Gonzales was 10365 Lightner Bridge Drive, Tampa, Florida 33626; and

   (e)   the address of the guarantor Jose A. Mercado was 10365 Lightner Bridge Drive, Tampa, Florida 33626;

whereas, in truth and fact as the defendant then and there well knew,

   (a)   the Total Long-Term Assets of Jose and Elaine Mercado as of April 22, 1999, were substantially less than $317,000.00;

   (b)   the Total Long-Term Assets of Angel and Gladimar Gonzalez as of April 22, 1999, were substantially less than $473,120.00;

   (c)   the business address of the borrower Directorio Medico.Net, Inc., was not 10365 Lightner Bridge Drive, Tampa, Florida 33626;

5

      (d)    the address of guarantor Angel L. Gonzales was not 10365 Lightner Bridge Drive, Tampa, Florida 33626; and

      (e)    the address of guarantor Jose A. Mercado was not 10365 Lightner Bridge Drive, Tampa, Florida 33626;

In violation of Title 18, United States Code, Sections 1014 and 2.

Case 8:08-cr-00268-JSM-TBM   Document 1   Filed 06/19/08   Page 5 of 10 PageID 5

## COUNT THREE

1.  The Grand Jury realleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

2.  On or about June 9, 1999, at Tampa, in the Middle District of Florida,

JOSE I. ROMAN,

defendant herein, for the purpose of influencing the actions of the Bank of Tampa, a financial institution whose accounts were then insured by the Federal Deposit Insurance Corporation, upon an application, commitment, or loan in the amount of $100,000.00 applied for and received by Roman & Associates Accountants, P.A., did knowingly make and cause to be made false statements, in that the defendant stated and represented, and caused to be stated and represented, that:

  (a)  the principal purpose of the loan was to purchase Trinidad Accounting, a small, competing accounting firm;

  (b)  the document purporting to be the 1998 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Jose I. Roman and Michelle M. Roman, was an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service;

  (c)  the Net Profit from the business of Roman & Associates Accountants for calendar year 1998 as reflected on line 31 of Schedule C of the purported 1998 U.S. Individual Income Tax Return for Jose I. Roman and Michelle M. Roman was $97,668;

  (d)  the document purporting to be the 1997 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Jose I. Roman and Michelle M. Roman, was an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service; and

  (e)  the Net Profit from the business of Roman & Associates Accountants for calendar year 1997 as reflected on line 31 of Schedule C of the purported 1997 U.S. Individual Income Tax Return for Jose I. Roman and Michelle M. Roman was $91,218;

whereas, in truth and fact as the defendant then and there well knew;

  (a)  the principal purpose of the loan was not to purchase Trinidad Accounting;

(b)   the document purporting to be the 1998 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Jose I. Roman and Michelle M. Roman, was not an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service;

(c)   the Net Profit from the business of Roman & Associates Accountants for calendar year 1998 was substantially less than $97,668;

(d)   the document purporting to be the 1997 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Jose I. Roman and Michelle M. Roman, was not an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service; and

(e)   the Net Profit from the business of Roman & Associates Accountants for calendar year 1997 was substantially less than $91,218;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR

1.  The Grand Jury realleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

2.  On or about October 14, 1999, at Tampa, in the Middle District of Florida,

JOSE I. ROMAN,

defendant herein, for the purpose of influencing the actions of the Bank of Tampa, a financial institution whose accounts were then insured by the Federal Deposit Insurance Corporation, upon an application, commitment, or loan in the amount of $75,000.00 applied for and received by Janice Elaine, Inc., did knowingly make and cause to be made false statements, in that the defendant stated and represented, and caused to be stated and represented, that:

- (a) in a Statement of Personal Net Worth that the Total Long-Term Assets of Melissa Steigerwald as of October 13, 1999, were $604,000.00;

- (b) in a Statement of Assets and Liabilities of Janice Elaine, Inc., that the Total Assets of Janice Elaine, Inc., as of September 30, 1999, were $169,332;

- (c) the document purporting to be the 1998 U.S. Corporate Short-Form Income Tax Return, Form 1120-A with attached schedules, for Janice Elaine, Inc., was an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service;

- (d) the Gross Receipts from the business of Janice Elaine, Inc., for the period May 26, 1998, to December 31, 1998, as reflected on Line 1c of Form 1120-A of the purported 1998 U.S. Corporate Short-Form Income Tax Return for Janice Elaine, Inc., were $85,642;

- (e) the document purporting to be the 1997 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Melissa Steigerwald, was an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service; and

- (f) the Net Profit from the business of Janice Elaine Commercial Fishing for calendar year 1997 as reflected on line 31 of Schedule C of the purported 1997 U.S. Individual Income Tax Return for Melissa Steigerwald was $40,425;

whereas, in truth and fact as the defendant then and there well knew,

(a) the Total Long-Term Assets of Melissa Steigerwald as of October 13, 1999, were substantially less than $604,000.00;

(b) the Total Assets of Janice Elaine, Inc., as of September 30, 1999, were substantially less than $169,332;

(c) the document purporting to be the 1998 U.S. Corporate Short-Form Income Tax Return, Form 1120-A and attached schedules, for Janice Elaine, Inc., was not an unsigned copy of said tax return as no such return was ever filed with the Internal Revenue Service;

(d) the Gross Receipts from the business of Janice Elaine, Inc., for the period May 26, 1998, to December 31, 1998, were substantially less than $85,642;

(e) the document purporting to be the 1997 U.S. Individual Income Tax Return, Form 1040 with attached schedules, for Melissa Steigerwald, was not an unsigned copy of the authentic said tax return actually filed with the Internal Revenue Service; and

(f) the Net Profit from the business of Janice Elaine Commercial Fishing for calendar year 1997 was substantially less than $40,425;

In violation of Title 18, United States Code, Sections 1014 and 2.

A TRUE BILL,

_David B. Thayer_
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _Terry A. Zitek_
TERRY A. ZITEK
Assistant United States Attorney

By: _signature_
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes Section

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JOSE I. ROMAN

## INDICTMENT

Violations:

18 U.S.C. § 1014

A true bill,

*David B. Player*
Foreperson

Filed in open court this 19th day

of June, A.D. 2008.

_____
Clerk

Bail $ _____

08 JUN 19 PM 3:39
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

FILED

GPO 863 525

N:\_Criminal Cases\A\Aguilar, Manuel_2000R02753_taz\f_indictment_back_Jose I. Roman.frm